IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MATTHEW ADAM RIDDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:18-CV-0081-FJG-P |
| ) | |
| DEPUTY YOUNG, BADGE # 140, ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT DEPUTY YOUNG, BADGE #140

COMES NOW Paul Young, sued as Deputy Young, Badge # 140, by and through his undersigned counsel of record, and for his Answer to Plaintiff's Complaint (Doc. No. 1 and hereinafter referred to as "Complaint") state and allege to the Court as follows.

1. Answering Defendant is currently without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph I of the Complaint and, therefore, denies the same.

2. With respect to paragraph II of the Complaint, this Answering Defendant admits that at all times mentioned in the Complaint he was/is a deputy sheriff for the Lafayette County, Missouri, Sheriff's Department, but he is currently without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph II of the Complaint and, therefore, deny same.

3. Answering Defendant is currently without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraphs III through XI of the Complaint and, therefore, denies the same

4. Answering Defendant denies each and every other allegation, matter and averment made or contained in Plaintiff's Complaint not specifically and previously admitted herein.

5. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendant and fails to state a claim upon which relief may be granted against them so that the same should be dismissed at Plaintiff's costs

6. For other affirmative answer and defense, Answering Defendant alleges that any and all actions or acts committed by him or on his behalf were discretionary in nature and taken in good faith, and that this Answering Defendant is protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity.

7. For other affirmative answer and defense, Answering Defendant alleges that he acted with objective reasonableness under the circumstances then existing, and his conduct was justified and/or privileged.

8. For other affirmative answer and defense, Answering Defendant alleges that Plaintiff's damages, if any, were proximately caused by his own negligence and/or acts and/or the negligence and acts of others who are beyond the control of Answering Defendant, and whose fault should be compared.

9. For other affirmative answer and defense, Answering Defendant states that to the extent, if any, that Plaintiff's Complaint attempts to state any cause of action under Missouri state law, Answering Defendant is protected from liability by Missouri's public duty doctrine and/or Missouri's official immunity doctrine and/or sovereign immunity by virtue of RSMo. § 537.600, et seq.

10. For other affirmative answer and defense, Answering Defendant states that to the extent Plaintiff's Complaint attempts to seek or obtain injunctive or equitable relief, such relief is

not available on the grounds that Plaintiff lacks standing, fails to present a justiciable claim and/or has failed to satisfy the "case or controversy" jurisdictional requirement of the United States Constitution.

11. For other affirmative answer and defense, Answering Defendant states that Plaintiff is not entitled to any punitive damage award against them for any one or more of the following reasons:

(a) The standards by which Answering Defendant conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(b) The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendant of the potential repercussions of his alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendment of the United States Constitution;

(c) Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d) Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e) Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f) Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Answering Defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g) Plaintiff's request for punitive damages cannot protect Answering Defendant against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h) An award of punitive damages would violate Answering Defendant's due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

(i) To the extent Answering Defendant is being sued in his representative and/or official capacity, Plaintiff is not entitled to any punitive damage award against him, and because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.;*

(j) To the extent Answering Defendant is being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.Mo. § 537.610.

12. For other affirmative answer and defense, Answering Defendant states Plaintiff's claims are barred by the fact that he has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act including, but not limited to, 42 U.S.C. § 1997e(a).

13. For other affirmative answer and defense, Answering Defendant states that in the event Plaintiff is entitled to, or is awarded any damages, he is not entitled to any recovery for

mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997e(e).

14. For other affirmative answer and defense, Answering Defendant states and alleges that any and all actions or acts committed by him or on his behalf were discretionary in nature, were objectively reasonable under the circumstances then existing and were not in violation of clearly established law and, therefore, this Answering Defendant is protected from liability by the doctrine of qualified immunity.

15. Answering Defendant reserves the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, based upon the above and foregoing, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Answering Defendant demands a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

  /s/ Kenneth J. Berra
| Dave S. Baker | #30347 |
| Kenneth J. Berra | #28620 |
| Bill D. Cross | #63768 |

51 Corporate Woods, Suite 300
9393 W. 110th Street
Overland Park, KS 66210
913-339-6757; Fax: 913-339-6187
dbaker@fisherpatterson.com
kberra@fisherpatterson.com
bcross@fisherpatterson.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 25, 2018, I electronically filed the foregoing with the Clerk of the Court, and deposited a true and correct copy of the above and foregoing in the United States Mail, postage prepaid, addressed as follows:

Matthew Adam Riddle
Western Missouri Correctional Center
609 E. Pence Road
Cameron, MO 64429

*Pro Se Plaintiff*

                /s/ Kenneth J. Berra
                KENNETH J. BERRA